# International Phonographic Language Schools, Defendant in Error, v. Thomas F. Dow et al., Plaintiffs in Error.

## Gen. No. 15,837.

BONDS—*when covers advancements.* A surety is liable for advancements on account of commissions not earned and not repaid at the termination of the employment of the principal where the bond executed by him provided at the termination of the principal's employment for the return of "all moneys then due * * * by reason of * * * said advances."

Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911.

WILLIAM C. ASAY and JEREMIAH B. O'CONNELL, for plaintiffs in error.

Beach & Beach, for defendant in error.

Mr. Justice Graves delivered the opinion of the court.

Plaintiff in error, Thomas F. Dow, entered into a contract with defendant in error to sell for it phonographic language outfits on commission, and thereupon gave to defendant in error a bond executed by himself and one Wilson F. Henderson, the other plaintiff in error, in the sum of $50, conditioned as follows:

"The condition of the above obligation is such, that whereas .................... has this day entered the employ of International Phonographic Language Schools for the purpose of selling the phonographic language outfits manufactured and sold by said company, and while in such employ, will on behalf of said company make certain collections of payments from the purchasers of said outfits, and will receive for his own use a salesman's outfit consisting of traveling bag, graphophone, records, books, etc., and may from time to time receive advances on his commissions from said International Phonographic Language Schools.

"Now, therefore, if the said Thomas F. Dow shall promptly remit to International Phonographic Language Schools all collections made by him from customers of said schools, and at the termination of his said employment shall return to said schools all the books and property in his possession belonging to said schools, and shall pay over to said schools all moneys then due from him to said schools by reason of said collections or said advances, or otherwise, then his obligation to be void, otherwise to remain in full force and effect."

While engaged in the employment plaintiff in error, Thomas F. Dow, received from defendant in error $39.75 more money than his commissions for sales amounted to. This is a suit on the bond to recover this balance of $39.75. Judgment in the Municipal

Court was entered against both plaintiffs in error for that amount.    The only question presented by the argument of counsel for our determination is whether the items of which this balance is composed are for moneys advanced to plantiff in error Dow ''on his commissions.''

All the evidence introduced on the trial was that produced by defendant in error.  From that evidence it appears that the money was given by defendant in error to plaintiff in error Dow from time to time at his request for car fare and living expenses in order that he might continue to work; that plaintiff in error Dow stated when he asked for the money he could not work without it.

The conditions of the bond show that it was contemplated that plaintiff in error Dow might ''from time to time receive advances on his commissions,'' and that the bond was given to secure to defendant in error the return to it by Dow ''at the termination of his employment   *   *   * all moneys then due from him to said school (defendant in error) by reason of   *   *   * said advances.''    There is no pretense that plaintiff in error Dow had any claim on defendant in error for money except for commissions earned on sales made. If plaintiff in error Dow made a sale, he was then entitled to his commissions on that sale as pay and not as an advancement.  The term ''advancement'' plainly implies the giving of money not then due but in contemplation of what should become due, and there was nothing to become due from defendant in error to plaintiff in error Dow except for commissions on sales to be made.    In this connection the witness, Elmer Beach, secretary for defendant in error, testified that the items composing the balance of $39.75 were advanced on his commission account and plaintiffs in error have not denied it.

The judgment of the Municipal Court was mani-

festly correct, and the same is affirmed.

*Affirmed.*